**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| RONALD J. PIERCE, | ) |
| | ) |
| Petitioner, | ) |
| | ) CAUSE NO. 3:16-CV-032 |
| vs. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

This matter is before the Court on a Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus by a person in State Custody Seeking Review of a Prison Disciplinary Sanction, filed by Ronald J. Pierce, a *pro se* prisoner, on January 22, 2016. Here, Pierce challenges a disciplinary determination made by a hearing officer at Indiana State Prison ("ISP") under case number ISP 15-05-0203. For the reasons set forth below, the Court **DENIES** the petition (DE #1). The Clerk is **DIRECTED** to close this case.

BACKGROUND

On May 26, 2015, Correctional Officer R. Westman prepared a conduct report charging Pierce with possession of a cellular device. (DE #6-1 at 1.) The conduct report stated:

> On 5/26/15 at approximately 7:55 am Ofc Zimmerman and myself Ofc Westman conducted a shakedown of Offender Pierce DOC #903145 cell C325. During the shakedown I found a box that was painted black to match the back of the cell door. Inside the box I found an LG cell phone

-1-

> and charger. The item was confiscated, photographed and sent to IA. Also confiscated was the part of the cell phone charger that plugs into the wall it was be[ing] used to power a hand held video game. It was LG also the same brand as the phone.

(*Id.*) Photos were taken of the phone and charger and the items were confiscated.(DE #6-1 at 2, 3.) Officer Zimmerman provided a statement:

> On 5/26/15 I Ofc. Zimmerman witnessed Ofc. Westman pull a small black card board box from the inside of offender Pierce #903145 W 325 CCH door at approximately 6:55 AM. It was located on the back side of the locking device of the door. Within the box was a cell phone and a charger.

(DE #6-1 at 4.)

On June 1, 2015, Pierce was notified of the charge and served with a copy of the conduct report and the screening report. (DE #6-2 at 1.) The screening report reflects that he pled not guilty, requested a lay advocate, and requested to call Offenders Rogers and Sharp as witnesses. He also asked for the reason for the search, a photo of where the phone was found, and video footage as physical evidence. (*Id.*) A witness statement was obtained from Offender Rogers (DE #6-2 at 4) and video footage was reviewed and a summary of its contents was prepared (DE #6-2 at 5).

On June 3, 2015, a hearing officer conducted a disciplinary hearing and found Pierce guilty of the charge of possessing a cell phone. (DE #6-3 at 1.) Relying on staff reports, photos, camera footage, evidence slip and confiscation slip, the hearing officer imposed a penalty of 60 days lost earned time credits and demoted

him from credit class 1 to credit class 2. (*Id.*) Pierce appealed to the facility head and the final reviewing authority, but his appeals were denied. (DE ##6-4; 6-5.)

DISCUSSION

When prisoners lose earned time credits in a prison disciplinary hearing, they are entitled to certain protections under the Due Process Clause: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by a fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974). To satisfy due process, there must also be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Here, Pierce raises three claims in his petition: (1) he was denied evidence; (2) there was insufficient evidence to support the conviction; and (3) he was denied an impartial hearing officer.

First, Pierce argues that he was denied a photograph showing the location where the cell phone and charger was found, and that he was denied a conduct report written in a case involving offender Rogers. An inmate has a right to present relevant, exculpatory

evidence. *Wolff*, 418 U.S. at 566. At the disciplinary hearing, Pierce's request for a photo of where the contraband was found was denied because one was not taken. (DE #6-2 at 4; DE #6-3 at 1.) Because the evidence was not in existence, Pierce was not entitled to that evidence. *Freitas v. Auger*, 837 F.2d 806, 812 n. 13 (8th Cir. 1988); *Hester v. McBride*, 966 F.Supp. 765, 773 (N.D. Ind. 1997). Furthermore, Pierce does not claim how a photo, if it existed, would have aided his defense.

At the hearing, Pierce was also denied the opportunity to review offender Rogers' file.[1] (DE #6-3 at 1.) A prison disciplinary committee may deny witness or evidence requests that threaten institutional goals or are irrelevant, repetitive, or unnecessary. *Piggie v. Cotton*, 342 F.3d 660, 678 (7th Cir. 2003). The hearing officer denied Pierce's request to review offender Rogers' file because he found it was irrelevant to the charges in this case. Pierce claims that offender Rogers' conduct report is relevant because the item Rogers was charged with possessing was found in a common area and, therefore, the charge was dismissed. However, whether another offender's disciplinary case has been dismissed is irrelevant here. Thus, the hearing officer properly denied Pierce's request to review Offender Rogers' file.

---

[1] A witness statement from offender Rogers gave permission for Pierce to review his file he claims contains a conduct report where he was charged with possession of a knife, but the case was dismissed because the knife was found in a common area. (DE #6-2 at 3, 4.)

Furthermore, a hearing officer's improper exclusion of evidence will be deemed harmless unless there is some indication from the record that the evidence "might have aided [the prisoner's] defense." *Id.* at 666. This is not the case here. Thus, Pierce's due process rights could not have been violated with respect to this evidence.

Second, Pierce claims there was insufficient evidence to find him guilty of possessing a cellular telephone. In reviewing a disciplinary determination for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). The court will overturn the hearing officer's decision only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1994).

Here, it is clear that the record in this case contains at least "some evidence" to support the hearing officer's determination. The conduct report alone is some evidence that

Pierce possessed a cellular telephone. *McPherson*, 188 F.3d at 786 (7th Cir. 1999) (conduct report alone provided some evidence to support disciplinary determination). Further, the court viewed the video, which shows Pierce being led out of his cell, and Officer Westman searching the inside of Pierce's cell, where he seems to find and put something in his pocket. (DE #8.)

Nevertheless, Pierce claims that the evidence was insufficient to find him guilty of possession because the area where the phone and charger was found was accessible to other people. However, a hearing officer is permitted to rely on circumstantial evidence to establish guilt. *See Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992). Furthermore, the record need not contain evidence of actual possession of contraband, as long as there is sufficient evidence of constructive possession. *Id.* at 345-46. There is sufficient evidence of constructive possession in this case, since the contraband was found in his cell rather than in a common area. *See Hill*, 472 U.S. at 457 ("Although the evidence in this case might be characterized as meager, and there was no direct evidence identifying any one of three inmates as the assailant, the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary."); *Hamilton*, 976 F.2d at 345-46 (evidence of constructive possession was sufficient, since contraband was found in a location where only the petitioner and three other inmates could have left it); *see also Pigg v.*

*Finnan*, 289 Fed. Appx. 945, 947 (7th Cir. Aug. 18, 2008) ("When only a few inmates have access to the place contraband is found, constructive possession is 'some evidence' sufficient to sustain a disciplinary conviction.").

Third, Pierce complains that he was denied an impartial hearing officer. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie*, 342 F.3d at 666. Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.* However, due process is not violated simply because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the event underlying the charge. *Id.*

Here, Pierce believes that the hearing officer was generally biased, but there is no indication that he was involved in any way in the events underlying the charge. He appears to believe the hearing officer was impartial because the officer made adverse rulings against him. But adverse rulings alone do not establish impermissible bias. *Liteky v. United States*, 510 U.S. 540, 555–56 (1994). Pierce complains that the hearing officer found him guilty without sufficient evidence, and denied him the requested evidence. However, none of these things warrant habeas relief.

CONCLUSION

For the reasons set forth above, the Court **DENIES** the petition (DE #1). The Clerk is **DIRECTED** to close this case.

**DATED: January 25, 2017**          **/s/ RUDY LOZANO, Judge**
                                     **United States District Court**