```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF INDIANA
                     SOUTH BEND DIVISION
```

RONALD J. PIERCE,              )
                               )
Petitioner,                    )
                               )    CAUSE NO. 3:16-CV-032
        vs.                    )
                               )
SUPERINTENDENT,                )
                               )
Respondent.                    )

## OPINION AND ORDER

This matter is before the Court on the Motion for Relief From Order, filed by Ronald J. Pierce, a *pro se* prisoner, on March 2, 2017 (DE #16). Pierce asks this Court to reconsider its order dismissing his habeas corpus challenge to the prison disciplinary hearing where he was found guilty of possession of a cellular device. Pierce lodges his argument under Rule 60 of the Federal Rules of Civil Procedure. "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (2005) (quotation marks and citation omitted).

Here, Pierce argues that his habeas petition should have been granted because he was denied a photograph showing the location where the cell phone and charger was found. This argument is not new. In its dismissal order, the Court explained that the requested photo was not material and, moreover, because the evidence was not

-1-

in existence, Pierce was not entitled to the creation of evidence. *Freitas v. Auger*, 837 F.2d 806, 812 n. 13 (8th Cir. 1988); *Hester v. McBride*, 966 F.Supp. 765, 773 (N.D. Ind. 1997). Although he does not like this conclusion, Pierce has not demonstrated any manifest error of law or fact.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). As more fully explained in the order of dismissal, the prison disciplinary hearing and resulting conviction did not run afoul of any of these laws. Thus, this case was properly dismissed and Pierce has not presented an exceptional circumstance requiring that he be granted Rule 60(b) relief.

For these reasons, the motion (DE #16) is **DENIED**.

**DATED: April 4, 2017**               /s/ RUDY LOZANO, Judge
                                       **United States District Court**